(No. 4290– )

ILLINOIS CENTRAL RAILROAD COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

GRAHAM AND GRAHAM, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Illinois Central Railroad Company, filed its claim against the State of Illinois, which, according to the complaint, was predicated solely on a written contract made and entered into between said Railroad Company and the State of Illinois, through the Division of Highways, on the 26th day of September, 1949. The complaint, among other things, alleged that on September 7, 1949 one of its employees, namely, Grover Hillard, was injured by the failure of the Division of Highways to construct and maintain a gravel pit and conveyor according to the terms of the contract attached to the complaint.

The facts show that on September 7, 1949 Grover Hillard was employed by the Illinois Central Railroad Company. He testified that he was injured at Bethany, Illinois, while riding a car of gravel, and claimed that the conveyor dropped down and pinned his right arm to the gravel car. He further testified that he was familiar with the tracks and equipment, and that the injury occurred about 6:00 P.M.; that he saw the location of the conveyor around 5:50 P.M., a few minutes before the accident happened; that he had received a message from Pekin, Illinois that the conveyor was there, and that his injury was occasioned by reason of the uprights of the conveyor pinning his arm against the side of the car, and further that the vibration of the train caused the conveyor to move towards the car in which he was riding.

Harry E. McWilliams, testifying for the claimant, stated that he had made a sketch showing the location of the conveyor with reference to the tract and the location of the pit, which sketch was indicated as claimant's exhibit No. 11. The sketch was drawn to scale, and showed the measurements of the different parts of the pit with reference to the railroad track, which exhibit was made in the early morning of September 8, 1949.

A Mr. Harry G. Siebert testified for the claimant, and identified a contract dated September 7, 1949, which contract appears as claimant's exhibit No. 1.

Edson W. Minor, a witness for the claimant, testified that he was a railroad agent for the claimant, and lived at Bethany, Illinois; that he knew of the location of the pit, and that a Mr. Parker, foreman of the unit unloading State material at Bethany, made the arrangements for the unloading of material. He

stated he knew the conveyor was placed in the pit on the morning of September 7, and had contacted the Division engineers of the claimant's company with reference to its installation.

Thomas H. F. Norris, Superintendent of day labor for the Division of Highways of the State of Illinois, testified for claimant, and identified a letter dated September 9, 1949, which appears as claimant's exhibit No. 12. He advised the claimant that he would sign a pit agreement as soon as received, and further stated that paragraph 7 referring to indemnity would be stricken from the agreement.

The statement of the attorney for claimant before the hearing on February 8, 1951 indicated that the sole contention of the claimant for recovery against the State was based on alleged violation of paragraph 4 of the contract, which appears as follows:

"Said pit, except while being actually used, shall be kept covered with suit able iron grating or planking, and if planking is used, such planking shall not be less than two (2) inches in thickness. Said conveyor, or any part thereof, save while in actual use, shall not be permitted to come within eight and one-half (8½) feet from the center line of said track of the railroad company. Licensee agrees to indemnify and save harmless the Railroad Company from any liability for death of or injury to persons due to the failure of the licensee to keep and fulfill the obligations in this paragraph 4 provided."

The additional facts show that claimant paid to Grover Hillard the sum of $750.00 for which they took a release and assignment. They also paid a $25.00 doctor bill, $18.30 hospital bill, and $7.00 for ambulance, making a total claim of $800.30. The claim was made against the State on the theory that the contract provided that the State agreed to indemnify and save harmless the Railroad Company from any liability for injury to persons, due to the failure of the State to maintain the conveyor at least eight and one-half feet from the centerline of said railroad track.

The State contended in its answer that the contract was entered into on September 26, 1949, subsequent to the date of the alleged injury, and, therefore, could create no liability on behalf of the State; that the claimant was engaged in interstate commerce, and that the injury to the said Grover Hillard was the result of the negligence of the claimant. It further contended that the claimant's demand had been released, and by reason thereof the State was released from all liability.

It is contended by claimant in its brief that it has the right to recover under the theory of indemnity, and cites numerous cases in support of this contention. Under this principle, it would be necessary to charge and prove that the State was negligent in the maintenance of the conveyor, that the negligence of the State was the primary cause of the injury, and whose positive acts negligently done, produced the defective condition, which caused the injury. It is sufficient to say that the complaint is not predicated on any charge of negligence, but solely on a contractual provision, which is definitely shown by the complaint and the opening statement of claimant's attorney. There are no cases cited by the claimant, which sustain the principle that the State of Illinois can be bound by indemnity contracts of the kind in question here, which, in the Court's opinion, are illegal. It is elementary, for various reasons, both constitutional and otherwise, that the State could not contract to indemnify private individuals or corporations for losses of the nature indicated in paragraph 4 of said agreement. It is apparent from the letter written by Mr. Norris that the indemnity provisions of the contract were to be eliminated. While it is true that he referred only to para-

graph 7, it is apparent that he was speaking of all provisions relating to indemnity. This Court has held in numerous cases that the authority to enter into such a contract must be definitely shown and proven, and, upon failure to do so, the contract could not be enforced. We think that Section 19 of Article 4 of the Illinois Constitution of 1870 is pertinent to the claim wherein it provides:

"The General Assembly shall never grant or authorize extra compensation, fee, or allowance, to any public officer, agent, servant, or contractor, . . . . . , nor authorize the payment of any claim or part thereof hereafter created against the State under any agreement or contract made without express authority at law."

Nothing has been shown to the Court that such contract of indemnity is authorized by law, and, therefore, the Court feels that such contracts are illegal and void.

For the reasons above assigned, the claim will be denied.